16-0002-ag
*Whole Foods Mkt. Grp., Inc. v. N.L.R.B.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand and seventeen.

Present:
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges,*
> LaSHANN DEARCY HALL,
> > *District Judge.*[*]

---

WHOLE FOODS MARKET GROUP, INC.

PETITIONER-CROSS-RESPONDENT,

V.                                                                                        16-0002-ag, 16-0346

NATIONAL LABOR RELATIONS BOARD,

RESPONDENT-CROSS-PETITIONER.

---

| | |
|---|---|
| For Petitioner: | KATHLEEN M. MCKENNA (Andrew E. Rice, *on the brief*), Proskauer Rose LLP, New York, NY |
| For Respondent: | LINDA DREEBEN (Heather S. Beard and Robert J. Englehart, *on the brief*) National Labor Relations Board, Washington, DC |

---

[*] Judge LaShann DeArcy Hall, United States District Judge for the Eastern District of New York, sitting by designation.

1

Petition from the Decision and Order of the National Labor Relations Board (Pearce, Miscimarra, and Hirozawa).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 24, 2015 Decision and Order of the National Labor Relations Board is **AFFIRMED**, Petitioner-Cross-Respondent's petition challenging the National Labor Relations Board is **DENIED,** and the Board's Petition for Enforcement is **GRANTED.**

 Petitioner-Cross-Respondent Whole Foods Market Group, Inc. ("Whole Foods") appeals a decision of the National Labor Relations Board ("NLRB" or "Board") finding that Whole Foods violated Section 8(a)(1) of the National Labor Relations Act ("NLRA" or "Act") by maintaining overbroad no-recording policies. The Board cross-petitioned the Court to enforce its December 24, 2015 Decision and Order. We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the Board's rulings.

We consider whether the Board's determination is supported by substantial evidence and is in accordance with law. *Cibao Meat Prods., Inc. v. N.L.R.B.*, 547 F.3d 336, 339 (2d Cir. 2008).

Section 7 of the Act guarantees employees the right "to engage in . . . concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157; *Ewing v. N.L.R.B.*, 768 F.2d 51, 53 (2d Cir. 1985). It is "an unfair labor practice for an employer . . . to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 [("Section 7")]." 29 U.S.C. § 158(a)(1). "In determining whether the mere maintenance of rules such as those at issue here violates Section 8(a)(1), the appropriate inquiry is whether the rules would reasonably tend to chill employees in the exercise of their Section 7 rights." *Lafayette Park Hotel*, 326 N.L.R.B. 824, 825 (1998), *enforced* 203 F.3d 52 (D.C. Cir.

1999). "Even if a rule does not explicitly restrict protected activity, the Board has determined that the rule will constitute a violation if: '(1) employees would reasonably construe the language to prohibit [protected] activity; (2) the rule was promulgated in response to union activity; or (3) the rule has been applied to restrict the exercise of [protected] rights.'" *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am.*, *AFL-CIO v. N.L.R.B.*, 520 F.3d 192, 197 (2d Cir. 2008) (quoting *Martin Luther Mem'l Home, Inc. dba Lutheran Heritage Vill.-Livonia*, 343 N.L.R.B. 646, 647 (2004) ("*Lutheran Heritage*")).

First, because neither party challenged the legality of the Board's *Lutheran Heritage* test before the administrative law judge or the Board, we will not consider Whole Foods' challenge to that test for the first time on appeal. 29 U.S.C. § 160(e); *Contractors' Labor Pool, Inc. v. N.L.R.B.*, 323 F.3d 1051, 1061–62 (D.C. Cir. 2003). Next, the parties agree that Whole Foods' policies were not promulgated in response to union activity, and were not applied to restrict Section 7 rights. *See Lutheran Heritage*, 343 N.L.R.B. at 647. Thus, the question is whether "employees would reasonably construe the language to prohibit [protected] activity." *Id.* at 650.

The Board's majority opinion considered Whole Foods' no-recording policies under its *Lutheran Heritage* framework. The Board's finding that recording, in certain instances, can be a protected Section 7 activity was reasonable. *See N.L.R.B. v. Caval Tool Div.*, 262 F.3d 184, 188 (2d Cir. 2001). So too was its finding that, because Whole Foods' no-recording policies prohibited all recording without management approval, "employees would reasonably construe the language to prohibit" recording protected by Section 7. *See Rio All-Suites Hotel & Casino*, 362 N.L.R.B. No. 190, slip op. at 2 (Aug. 27, 2015) ("Employee photographing and videotaping is protected by Section 7 when employees are acting in concert for their mutual aid and protection and no overriding employer interest is present.").

Whole Foods' attempt to separate the act of "recording" from conduct falling within Section 7's protection ignores that its policies prohibit recording regardless of whether the recording is in relation to employees' exercise of their Section 7 rights. *See Rio*, 362 N.L.R.B. No. 190, slip op. at 2. As written, those policies prevent "employees recording images of employee picketing, documenting unsafe workplace equipment or hazardous working conditions, documenting and publicizing discussions about terms and conditions of employment, or documenting inconsistent application of employer rules" without management approval. *Id.*, slip op. at 4.

Moreover, despite the stated purpose of Whole Foods' policies—to promote employee communication in the workplace—the Board reasonably concluded that the policies' overbroad language could "chill" an employee's exercise of her Section 7 rights because the policies as written are not limited to controlling those activities in which employees are not acting in concert. *See Lafayette Park Hotel*, 326 N.L.R.B. at 825. The Board's determination in that regard was in accordance with law.[1]

We have considered Whole Foods' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the Board's December 24, 2015 Decision and Order, and we **GRANT** the Board's Petition for Enforcement.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] This is not to say that every no-recording policy will infringe on employees' Section 7 rights. It should be possible to craft a policy that places some limits on recording audio and video in the work place that does not violate the Act. Whole Foods' interests in maintaining such policies can be accommodated simply by their narrowing the policies' scope. *See Flagstaff Med. Ctr., Inc.*, 357 N.L.R.B. 659, 659–60, 683 (2011) (holding that no-photography policy was lawful where hospital demonstrated patient privacy interest); *Target Corp.*, 359 N.L.R.B. No. 103, slip op. at 2–3 (Apr. 26, 2013) (holding that reporting policy of unknown visitors in parking lot was lawful where rule was an employee safety policy).